**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**PEDRO CERUTTI,**

          **Plaintiff,**

**-vs-**                                             **Case No. 6:11-cv-1643-Orl-31KRS**

**ORANGE COUNTY SHERIFF'S DEPARTMENT,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Pursuant to an order of this Court, Plaintiff filed a second amended civil rights complaint form. Doc. No. 10. Although he did not file a renewed motion to proceed *in forma pauperis,* he also has not paid the filing fee. Therefore, it appears that Plaintiff continues to seek leave to proceed *in forma pauperis. See* Doc. No. 6.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a Plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

The United States Court of Appeals for the Eleventh Circuit applies standards for dismissal under Fed. R. Civ. P. 12(b)(6) to dismissals under § 1915(e). *Mitchell*, 112 F.3d at 1490. "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In the second amended complaint, Plaintiff names only the Orange County Sheriff's Department (OCSO) as a Defendant. The gist of his complaint is that individuals at the OCSO would not let Plaintiff fill out a police report and an incident report. The Court has not found any right under the United States Constitution for a private individual to complete a police report or incident report. In the Court's experience, private citizens can make complaints to law enforcement but it is the law enforcement officer who completes a police report or incident report. Therefore, the second amended complaint fails to state a claim on which relief can be granted.

Plaintiff having been unable to state a claim on which relief can be granted after being given three opportunities to do so, leave to file a third amended complaint is not warranted. Accordingly, I respectfully recommend that the Court **DISMISS** the case, **DENY** the Motion for Relief of A Attorney, Doc. No. 11, and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully Recommended** at Orlando, Florida, this 6th day of January, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge
Courtroom Deputy Clerk
Counsel of Record